Rose Lorquet, Respondent, v City of New York et al., Respondents, and Charles Loftin et al., Appellants. [774 NYS2d 421]—

In an action to recover damages for personal injuries, the defendants Charles Loftin, Sr., Almeida Loftin, and Charles L. Loftin, Jr., appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated April 24, 2003, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff alleges that she sustained injuries when she tripped on a defect in a sidewalk located in front of property owned by defendants Charles Loftin, Sr., Almeida Loftin, and Charles L. Loftin, Jr. (hereinafter the Loftins). Once the Loftins made a prima facie showing that they were entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them, the burden shifted to the parties opposing the motion to produce sufficient evidentiary proof in

admissible form evincing a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the Loftins' contention, in opposition to the prima facie showing of entitlement to judgment as a matter of law, Mrs. Loftin's examination before trial testimony raised a triable issue of fact as to whether her act of removing flowers from the spot where the plaintiff allegedly fell created the defect complained of or caused an existing defect to worsen. Therefore, the Supreme Court properly denied the Loftins' motion for summary judgment. Goldstein, J.P., H. Miller, Adams and Cozier, JJ., concur.